# United States District Court

**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

~~UNDER SEAL~~

VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

**CR19  0372  EMC**

ELLIOTT GUNTON, A/K/A "PLANET," and
ANTHONY TYLER NASHATKA, A/K/A "PSYCHO"

FILED
AUG 13 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse;
18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i) and (c)(4)(A)(i)(VI) – Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer;
18 U.S.C. §§ 1030(a)(4) and (c)(3)(A) – Unauthorized Access to a Protected Computer To Obtain Value;
18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;
18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft;
18 U.S.C. §§ 982(a)(2)(B) and 1030(i) and (j), and 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegations

A true bill.

_True Bill_

_[signature]_ Foreman

Filed in open court this ___13___ day of

___August 2019___.

_Stephen Ybarra_ Clerk

Bail, $ _no bail arrest warrant_

_[signature]_

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

PLEASE SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: PLEASE SEE ATTACHMENT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DEFENDANT - U.S.
▶ ELLIOTT GUNTON, A/K/A "PLANET"

DISTRICT COURT NUMBER
CR19 0372 EMC

UNDER SEAL

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Cynthia Frey, AUSA

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

FILED
AUG 13 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☒ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: none

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

PENALTY SHEET ATTACHMENT:
ELLIOTT GUNTON

**Count 1:** 18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse

**Maximum Penalties**: (1) 10 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 2:** 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i) and (c)(4)(A)(i)(VI) – Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer

**Maximum Penalties**: (1) 10 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 3:** 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A) – Unauthorized Access to a Protected Computer To Obtain Value;

**Maximum Penalties**: (1) 5 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 4:** 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud

**Maximum Penalties**: (1) 20 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 5:** 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

**Maximum Penalties**: (1) 2 years imprisonment (to run consecutive to any other term imposed); (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT | |
|---|---|
| BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location<br>**NORTHERN DISTRICT OF CALIFORNIA**<br>SAN FRANCISCO DIVISION |
| — OFFENSE CHARGED —<br>PLEASE SEE ATTACHMENT<br>☐ Petty  ☐ Minor  ☐ Misdemeanor  ☒ Felony<br>PENALTY: PLEASE SEE ATTACHMENT | — DEFENDANT - U.S —<br>▶ ANTHONY TYLER NASHATKA, A/K/A "PSYCHO"<br>DISTRICT COURT NUMBER<br>**CR19  0372** |

UNDER SEAL

EMC

FILED AUG 13 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

— PROCEEDING —
Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Cynthia Frey, AUSA

— DEFENDANT —
**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ AUG 13 2019
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☒ No   If "Yes" give date filed
DATE OF ARREST ▶   Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —
PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: none
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:



PENALTY SHEET ATTACHMENT — UNDER SEAL
ANTHONY TYLER NASHATKA

**Count 1:** 18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse

**Maximum Penalties**: (1) 10 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 2:** 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i) and (c)(4)(A)(i)(VI) – Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer

**Maximum Penalties**: (1) 10 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 3:** 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A) – Unauthorized Access to a Protected Computer To Obtain Value;

**Maximum Penalties**: (1) 5 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 4:** 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud

**Maximum Penalties**: (1) 20 years imprisonment; (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

**Count 5:** 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

**Maximum Penalties**: (1) 2 years imprisonment (to run consecutive to any other term imposed); (2) Maximum of 3 years of supervised release; (3) $250,000 fine or twice the gross gain or twice the gross loss; (4) $100 Special Assessment

DAVID L. ANDERSON (CABN 149604)
United States Attorney

~~UNDER SEAL~~

FILED

AUG 13 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CR19 0372 EMC

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELLIOTT GUNTON, A/K/A "PLANET," and ANTHONY TYLER NASHATKA, A/K/A "PSYCHO" <br><br> Defendants. | CASE NO. <br><br> VIOLATIONS: 18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse; 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i) and (c)(4)(A)(i)(VI) – Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer; 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A) – Unauthorized Access to a Protected Computer To Obtain Value; 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft; 18 U.S.C. §§ 982(a)(2)(B) and 1030(i) and (j), and 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegations <br><br> SAN FRANCISCO VENUE |

INDICTMENT

The Grand Jury charges:

Background

At all times relevant to this Indictment:

1. ANTHONY TYLER NASHATKA, a/k/a "psycho" is a resident of New York.

2. ELLIOTT GUNTON, a/k/a "planet" and "Glubz" is a resident of the United Kingdom.

3. EtherDelta was a digital currency exchange platform based in Chicago, Illinois.

INDICTMENT

4. Cloudflare, Inc. (Cloudflare) is, and was during all relevant times set forth in this Indictment, a company headquartered in San Francisco, California that provided content delivery network services, DDoS mitigation, Internet security and distributed domain name server services. Cloudflare's content delivery network (CDN) provided a system of network servers all over the world, including approximately 38 in the United States alone, and in the Northern District of California, that delivered pages and other Web content to a user, from its servers. The network data centers acted as a repository for website content, providing local users with accelerated access to cached files.

5. EtherDelta used Cloudflare's services, including the content delivery network system servers for its cryptocurrency exchange platform.

6. The computer servers provided for EtherDelta through Cloudflare were used to facilitate interstate and foreign commerce and communication and constituted "protected computers" as defined in Title 18, United States Code, Section 1030(e)(2)(B).

COUNT ONE: (18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse)

7. Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if fully set forth here.

8. Beginning at a time unknown to the Grand Jury, but no later than on or about December 13, 2017, and continuing through a date unknown, but at least through on or about December 26, 2017, in the Northern District of California, and elsewhere, the defendants,

ANTHONY TYLER NASHATKA, and
ELLIOTT GUNTON, and

did knowingly and willfully conspire and agree with each other and with others, to commit computer fraud and abuse, namely, (1) caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(I) and (c)(4)(A)(i)(VI); and (2) with intent to defraud, accessed a protected computer used in interstate and foreign commerce without authorization and exceeding authorized access, and by means of such conduct furthered the below-described fraud and obtained something of value, in violation of 18 U.S.C. § 1030(a)(4).

INDICTMENT
2

9.   As part of the conspiracy, the defendants used the Internet to access and modify, without authorization, EtherDelta's Domain Name System[1] setting, which was set to an Internet Protocol address registered to Cloudflare, located in San Francisco, California, as well as EtherDelta's account with Cloudflare, and by means of such conduct defrauded EtherDelta's users to obtain their cryptocurrency addresses and private keys and withdrew funds contained in those cryptocurrency addresses.

10.   In furtherance of the conspiracy, the defendants used the following manner and means to accomplish the object and purpose of the conspiracy:

   a.   Obtaining personal information of potential victims;

   b.   Using fraud, deception, and social engineering techniques to induce representatives of cellphone service providers to forward cellphone numbers to Google Voice numbers controlled by the conspirators;

   c.   Using the victim's cell phone number and deceptive techniques to gain access to email, DNS accounts, and web infrastructure and website security accounts;

   d.   Resetting passwords for web infrastructure and website security accounts so that the conspirators could control those accounts;

   e.   Resetting the DNS settings for email and for web infrastructure and website security accounts to obtain information from victim users of the EtherDelta exchange;

   f.   Using fraud, deception, and social engineering techniques to gain access to the cryptocurrency addresses and private key of hundreds of victim users of the EtherDelta exchange platform; and

   g.   Using information obtained from victim users of the EtherDelta exchange platform to access the cryptocurrency addresses and of victims and transfer without authority cryptocurrencies owned by the victims.

---

[1] The Domain Name System (DNS) is the phonebook of the Internet. People access information online through domain names, like nytimes.com or espn.com. Web browsers interact through Internet Protocol (IP) addresses. DNS translates domain names to IP addresses so browsers can load Internet resources.

INDICTMENT

3

Overt Acts

11. In furtherance of the conspiracy and to effect its objects, on or about the dates listed below, in the Northern District of California and elsewhere, NASHATKA and GUNTON, and others, committed the following overt acts, among others:

   a. On or about December 13, 2017, NASHATKA purchased identifying information regarding Z.C. with payment made in Bitcoin and NASHATKA received an email confirming the purchase on that date.

   b. On or about December 13, 2017, NASHATKA sent GUNTON the phone number and email address for Z.C. and the two discussed taking EtherDelta, and getting into EtherDelta's Dreamhost and Cloudflare accounts to change the servers.

   c. On or about December 19, 2017, GUNTON convinced a support operator at the service provider for Z.C.'s cellphone, without Z.C.'s permission, to attach a call forwarding number to his account, such that the calls would be forwarded to a Google Voice number controlled by GUNTON and NASHATKA, and allowing them to use the two-factor authentication necessary to access EtherDelta's accounts.

   d. On or about December 20, 2017, NASHATKA and GUNTON gained unauthorized access to the DNS setting for Z.C.'s email account and disabled the DNS setting to Gmail and redirected the DNS setting to an IP address that is registered to a company in the United Kingdom. This allowed the conspirators to conceal any emails that may be sent to Z.C. regarding account intrusions.

   e. On or about December 20, 2017, NASHATKA and GUNTON gained unauthorized access to EtherDelta's Cloudflare account, and reset the password, ensuring that Z.C. would not be able to access the Cloudflare account.

   f. On or about December 20, 2017, NASHATKA and GUNTON gained unauthorized access to the DNS setting for EtherDelta's Cloudflare account and disabled the setting from an Internet Protocol address registered to Cloudflare and assigned to EtherDelta, and altered it to redirect the DNS setting to an Internet Protocol address that contained a fake website resembling the true EtherDelta platform. During this time, the access to Cloudflare's servers for EtherDelta, including

INDICTMENT
4

servers in the Northern District of California, were disabled, and there was no access to the true EtherDelta website on any server. When an EtherDelta customer logged into the fake website, the defendants obtained the customers' cryptocurrency address and private key.

    g. With those cryptocurrency addresses and private keys, NASHATKA and GUNTON were able to withdraw the cryptocurrency from hundreds of victim EtherDelta users between December 20 and at least December 26, 2017, and deposit the cryptocurrency into cryptocurrency addresses controlled by GUNTON and NASHATKA.

    h. With respect to one such victim customer, R.R., NASHATKA and GUNTON fraudulently obtained the cryptocurrency address and private key of R.R. through the fake EtherDelta website on or about a date between December 20 and 21, 2017.

    i. On or about December 25, 2017, NASHATKA and GUNTON accessed R.R.'s EtherDelta account and withdrew approximately $800,000, and deposited the cryptocurrency into cryptocurrency addresses controlled by GUNTON and NASHATKA.

  All in violation of Title 18, United States Code, Section 1030(b).

COUNT TWO: (18 U.S.C. §§ 1030(a)(5)(A), (C)(4)(B)(i) and (c)(4)(A)(i)(VI) – Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer)

  12. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated as if fully set forth here.

  13. Beginning on or about December 20, 2017, and continuing through on or about December 21, 2017, in the Northern District of California and elsewhere, the defendants,

      ANTHONY TYLER NASHATKA, and
      ELLIOTT GUNTON,

knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, to wit, the defendant caused the transmission of a command to disable all of EtherDelta's servers, which are computers used in interstate and foreign commerce and communication, and, by such conduct, caused damage affecting 10 or more protected computers during a 1-year period.

INDICTMENT

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (c)(4)(B)(i) and (c)(4)(A)(i)(VI).

COUNT THREE:   (18 U.S.C. § 1030(a)(4) – Computer Fraud)

14. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated as if fully set forth here.

15. On or about December 19 and 21, 2017, within the Northern District of California and elsewhere, the defendants,

> ANTHONY TYLER NASHATKA, and
> ELLIOTT GUNTON,

knowingly and with intent to defraud accessed a protected computer used in interstate and foreign commerce without authorization and exceeding authorized access, and by means of such conduct furthered the intended fraud and obtained something of value, specifically cryptocurrency addresses and passkeys, containing cryptocurrency later withdrawn without authorization by defendants.

All in violation of 18 U.S.C. Sections 1030(a)(4) and (c)(3)(A).

COUNT FOUR:   (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

16. Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated as if fully set forth here.

17. Beginning at a time unknown to the Grand Jury, but no later than on or about December 13, 2017, and continuing through to and including a date unknown, but at least through on or about December 26, 2017, in the Northern District of California and elsewhere, the defendants,

> ANTHONY TYLER NASHATKA, and
> ELLIOTT GUNTON,

and others, did knowingly conspire to devise and intend to devise a scheme and artifice to defraud as to a material matter and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme or artifice and attempting to do so, did transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

INDICTMENT

6

All in violation of Title 18, United States Code, Section 1349.

COUNT FIVE:        (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

18. Paragraphs 1 through 17 of this Indictment are re-alleged and incorporated as if fully set forth here.

19. Between on or about December 13 and 21, 2017, in the Northern District of California and elsewhere, the defendants,

ANTHONY TYLER NASHATKA, and<br>ELLIOTT GUNTON,

during and in relation to the crime of Conspiracy to Commit Computer Fraud and Abuse, in violation of 18 U.S.C. § 1030(b); Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i) and (c)(4)(A)(i)(VI); Computer Fraud, in violation of 18 U.S.C. § 1030(a)(4); and Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, did knowingly transfer, possess, and use, without lawful authority the means of identification of another person, to wit, the name, address, telephone number, and email address of Z.C.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COMPUTER FRAUD FORFEITURE ALLEGATION:        (18 U.S.C. §§ 982(a)(2)(B) and 1030(i) and (j))

20. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(b) and 1030(i) and (j).

21. Upon conviction for the offenses set forth in Counts One through Three in violation of Title 18, United States Code, Section 1030, set forth in this Indictment, the defendants,

ANTHONY TYLER NASHATKA, and<br>ELLIOTT GUNTON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(b) and 1030(i) and (j), any personal property used or intended to be used to commit or to facilitate the commission of said violation or a conspiracy to violate said provision, and any property, real or

INDICTMENT

7

personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to, a sum of money equal to the total amount of proceeds defendant obtained or derived, directly or indirectly, from the violation, or the value of the property used to commit or to facilitate the commission of said violation.

20. If any of the property described above, as a result of any act or omission of the defendant:
    a. cannot be located upon exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i)(2).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030, and Federal Rule of Criminal Procedure 32.2.

<u>WIRE FRAUD FORFEITURE ALLEGATION:</u>   (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

21. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

22. Upon conviction for the offense set forth in Count Four of this Indictment, the defendants,

    ANTHONY TYLER NASHATKA, and
    ELLIOTT GUNTON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations.

23. If any of the property described above, as a result of any act or omission of the defendant:
    a. cannot be located upon exercise of due diligence;

INDICTMENT

8

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

  All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED:          A TRUE BILL.

8/13/19

_____
FOREPERSON

DAVID L. ANDERSON
United States Attorney

_____
CYNTHIA FREY
Assistant United States Attorney

INDICTMENT

9